**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Clifford Jolly,

Plaintiff,

v.

County of Mohave, *et al.*,

Defendants.

No. CV-19-08088-PCT-JJT

**ORDER**

At issue are the Summary Judgment Motion filed by Defendants Daniel and Jane Doe Oehler (Doc. 186), accompanied by a Statement of Facts (Doc. 187), and the Summary Judgment Motion filed by Defendant City of Kingman (Doc. 188), accompanied by a Statement of Facts (Doc. 189). Plaintiff Clifford Jolly, appearing *pro se*, filed a Response to Kingman's Motion (Doc. 200) two days after the deadline to do so, with no controverting statement of facts, and filed no timely response to the Oehlers' Motion.[1] Also at issue are two *Daubert* Motions: the Oehlers' Motion to Preclude Opinions and Expert Testimony of Brian Barker (Doc. 185), and Kingman's Motion *in Limine* Re: Exclusion of Plaintiff's Purported Police Practices Expert (Doc. 190). Because Plaintiff filed no response to either *Daubert* Motion, Defendants filed two Motions for Summary Adjudication (Docs. 202, 203) of the *Daubert* Motions. In this Order, the Court also addresses the Oehlers' Motion

[1] Around the filing deadline of January 31, 2022, Plaintiff apparently had trouble filing his Response (Doc. 200), so the Court construes the two-day delay as a timely filing, even though Plaintiff did not request an extension of time. Sixteen days later, Plaintiff impermissibly filed additional documents, which the Court will address below.

for Rule 37 Sanctions (Doc. 175). The Court resolves all of these Motions without oral argument. LRCiv 7.2(f).

The Court laid out the procedural history of this three-year-old matter in its prior Order (Doc. 199) and need not repeat it here. Four consecutive sets of counsel have sought to be relieved of representing Plaintiff in this matter, and the fourth counsel withdrew with Plaintiff's consent on January 10, 2022. (Doc. 198.) For the reasons stated in detail in the prior Order (Doc. 199), the Court did not further extend Plaintiff's deadlines to respond to Defendants' present Motions (which the Court had already extended), and Plaintiff's responses were all due on January 31, 2022. Plaintiff timely filed only a partial Response to one of Defendants' Motions, that is, Kingman's Motion for Summary Judgment; Defendants' other Motions were uncontested.

Local Rule 7.2(i) provides that a party's failure to timely file a responsive brief "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." At the Rule 16 Scheduling Conference and in the Scheduling Order (Doc. 44 ¶ 16), the Court warned the parties of their obligations to timely respond to motions and comply with all applicable Rules and Court Orders and that the consequences of failing to respond to a dispositive motion include the granting of the motion and dismissal of the case. Moreover, the Court granted the repeated requests by Plaintiff to extend the deadlines in this matter—as the Court summarized in its prior Order (Doc. 199)—including extensions ranging from four to six weeks (Doc. 194) to respond to the present Motions.

Plaintiff's *pro se* status does not provide an excuse for his failure to comply with the deadlines set by the Court and the applicable Rules of practice. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (noting that *pro se* litigants are not excused from following court rules); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (same). Because the Court warned Plaintiff of the consequences of failing to timely file responsive briefs in this matter, under Local Rule 7.2(i), Defendants are entitled to summary disposition of the Oehlers' Motion

for Summary Judgment (Doc. 187), the Oehlers' Motion to Preclude Opinions and Expert Testimony of Brian Barker (Doc. 185), and Kingman's Motion *in Limine* Re: Exclusion of Plaintiff's Purported Police Practices Expert (Doc. 190). *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (*per curiam*) (concluding that the *pro se* plaintiff's failure to timely respond to the defendant's motion for summary judgment when the court had warned plaintiff of the consequence of a failure to respond warranted granting the motion for summary judgment in the defendant's favor under the applicable Local Rule).

Two days after the response deadline, Plaintiff filed a partial Response (Doc. 200) to Kingman's Motion for Summary Judgment (Doc. 188). Although the Response obliquely refers to evidence that may or may not exist, the Response contains no actual citation to evidence as required by Federal Rule of Civil Procedure 56(c)(1)(A) and was accompanied by no controverting statement of facts.[2]

In opposing a motion for summary judgment, a nonmoving party has the burden of showing a genuine issue of triable fact exists to overcome entry of summary judgment. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The Court "rel[ies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Id.* The Court need not assume this burden and "scour the record in search of a genuine issue of triable fact." *Id.*; *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be more than "unfair" to require the district court "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found").

Hence, Local Rule 56.1(b), in pertinent part, provides:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph *and a reference to the specific admissible portion of the record supporting the party's position if that fact is disputed* . . . .

---

[2] The Response refers to "Exhibits," but no exhibits are attached.

(emphasis added). Moreover, Local Rule 56.1(e) provides:

> Memoranda of law filed . . . in opposition to a motion for summary judgment . . . must include *citations to the specific paragraph in the statement of facts* that supports assertions made in the memoranda regarding any material fact on which the party relies . . . in opposition to the motion.

(emphasis added). Where a nonmoving party fails to specifically identify and cite evidence raising a genuine issue of triable fact in its response to the motion, the Court may properly enter summary judgment against it. *See Carmen*, 237 F.3d at 1031. Here, the Court declines to search the record in an effort to try to find evidence supporting Plaintiff's positions and accordingly will also grant Kingman's Motion for Summary Judgment (Doc. 188).

Sixteen days after the response deadline, and without leave of Court, Plaintiff filed additional documents in response to Defendants' Motions for Summary Judgment, styled a Response to the Oehlers' Motion for Summary Judgment (Doc. 206), a Response to the Oehlers' Statement of Facts (Doc. 207), another Response to Kingman's Motion for Summary Judgment (Doc. 208), and a Response to Kingman's Statement of Facts (Doc. 209). Because Plaintiff's filings were untimely, and indeed filed after Defendants filed their Replies, the Court disregards them.[3] Even if the Court considered them, they suffer the same defects as Plaintiff's prior filings, including that they fail to point to specific admissible evidence in support of Plaintiff's positions as required by the applicable Rules.

Earlier, the Oehlers filed a Motion for Rule 37 Sanctions (Doc. 175) asking the Court to dismiss Plaintiff's Complaint because his damages claim was entirely devoid of evidentiary support. Because the Court now grants Defendants' Motions for Summary Judgment, the Court will deny the Motion for Rule 37 Sanctions as moot.

**IT IS THEREFORE ORDERED** granting Defendants Daniel and Jane Doe Oehler's Motion to Preclude Opinions and Expert Testimony of Brian Barker (Doc. 185).

**IT IS FURTHER ORDERED** granting Defendant City of Kingman's Motion *in Limine* Re: Exclusion of Plaintiff's Purported Police Practices Expert (Doc. 190).

---

[3] Plaintiff also impermissibly filed a second Response to Kingman's Motion for Summary Judgment. (Docs. 200, 208.)

**IT IS FURTHER ORDERED** granting Defendants Daniel and Jane Doe Oehler's Motion for Summary Adjudication (Doc. 202).

**IT IS FURTHER ORDERED** granting Defendant City of Kingman's Motion for Summary Disposition of City's *Daubert* Motion to Exclude Plaintiff's Expert, Mel McDonald (Doc. 203).

**IT IS FURTHER ORDERED** granting Defendants Daniel and Jane Doe Oehler's Motion for Summary Judgment (Doc. 186).

**IT IS FURTHER ORDERED** granting Defendant City of Kingman's Motion for Summary Judgment (Doc. 188).

**IT IS FURTHER ORDERED** denying as moot Defendants Daniel and Jane Doe Oehler's Motion for Rule 37 Sanctions (Doc. 175).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendants and close this case.

Dated this 17th day of February, 2022.

Honorable John J. Tuchi
United States District Judge